## McKAY CORPORATION, Plaintiff,
## v.
## The HOME INSURANCE COMPANY, Defendant.
### Civ. No. 731.

United States District Court
N. D. Indiana, Fort Wayne Division.
May 6, 1955.

Haynie, Logan & VanOrman, Fort Wayne, Ind., for plaintiff.

Barrett, Barrett & McNagny, Fort Wayne, Ind., and Slaymaker, Locke & Reynolds, Indianapolis, Ind., for defendant.

PARKINSON, District Judge.

This is an action tried to the Court on count one of the complaint seeking reformation of an insurance policy and, upon reformation, judgment for the sum of $35,000 thereunder, and the answer of the defendant thereto in admission and denial.

The evidence in the record as to whether there was a mutual mistake of the parties is in conflict. It is apparent from the evidence that the plaintiff instructed the McFadden Insurance Agency to write a policy of insurance acceptable to the United States Rubber Company because the business of the United States Rubber Company was of prime importance to the plaintiff. As to whether there was a clear meeting of the minds of the plaintiff and defendant and a mutual mistake was made in the policy as written is not necessary to the decision of this controversy.

This is not a case of an individual requesting an agent for an insurance company to write a certain type policy; the issuance thereof; the delivery to the insured; the placing of the policy away by the insured without reading it; a loss by the insured, and the discovery by the insured that the policy did not cover the loss as he had assumed. This is a case of a corporation requesting an insurance agent to write a policy of insurance acceptable to a third party; the issuance of the policy on April 2, 1952; the delivery to the insured with copy to the third party; the third party shortly thereafter informing the president of the plaintiff corporation of a necessary change in the policy; the president of the plaintiff corporation informing the insurance agent thereof; the execution of a rider to the policy with delivery to the plaintiff corporation; a request by the plaintiff corporation of the insurance agent for a reduction of coverage; a refusal by the third party to the request; a request by the president of the plaintiff corporation to the insurance agent for an insurance survey for delivery to the plaintiff's accountant; the preparation of the survey on July 17, 1952, showing the coverages including the policy in controversy and showing in plain and unmistakable language that said policy by name and number

"Insures property of U.S. Rubber Co. while in custody of McKay Corporation—against practically all risks—limited to:
$35,000 while at 6503 Bluffton Road
7,000 while in transit"

and the delivery thereof to the accountant of the plaintiff corporation; the at-

tachment to the said policy of an endorsement on October 30, 1952 and forming a part of the policy saying in plain and simple terms

"This policy insures the Assured's liability, assumed or otherwise, for property of the U. S. Rubber Co. in the Assured's care, custody and control for processing consisting of crating.";

the fire in plaintiff's plant on March 19, 1953, and the claimed mistake in the policy by the plaintiff that its president thought the property of the plaintiff was covered thereby after the plaintiff had made claim that the property was that of the third party.

All of these facts are undisputed and under those facts it would make no difference if the policy was based upon a mistake, and the president of the plaintiff corporation did not read the policy, the plaintiff corporation knew many months before the fire exactly what the policy in controversy covered and knew that the policy covered only the property of the U. S. Rubber Co. and covered no property of the plaintiff whatsoever and if the policy was based upon a mistake, as claimed by the plaintiff corporation after the loss, it was the duty of the plaintiff to have seen that the policy was rewritten and the mistake, if any, corrected long prior to the fire.

Therefore, the Court having considered all of the evidence, the arguments of counsel and the law applicable thereto does now make the following

### Findings of Fact

**1.**

The plaintiff, McKay Corporation, is a corporation duly organized and existing under and by virtue of the laws of the State of Indiana.

**2.**

The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of New York and authorized to engage in the business of executing policies of insurance in the State of Indiana.

**3.**

The jurisdiction of this court exists because of diversity of citizenship of the parties and the amount in controversy, exclusive of interest and costs, exceeds $3,000.

**4.**

The plaintiff entered into a contract with the United States Rubber Company to construct wooden crates for the shipment of fuel cells manufactured by the United States Rubber Company on or about February 1, 1952.

**5.**

Said contract between the United States Rubber Company and the plaintiff, McKay Corporation, required that the McKay Corporation provide insurance in such form and amount as required by the United States Rubber Company and to its approval.

**6.**

Said contract between the United States Rubber Company and McKay Corporation was entered into on or about the first day of February, 1952 and subsequent thereto additional orders for such shipping crates were issued.

**7.**

The plaintiff requested the McFadden Insurance Agency to execute such policies of insurance as would be required by the United States Rubber Company under the terms of the contract between the United States Rubber Company and the McKay Corporation.

**8.**

On the first day of February, 1952, the McFadden Insurance Agency executed, as agent for the Fidelity-Phenix Fire Insurance Company, a cargo policy of insurance by the terms and provisions of which the cargo being transported upon two trucks specifically described in the policy was insured against loss or damage to the extent of $3,500 as to each truck.

**9.**

On the first day of February, 1952, the McFadden Insurance Agency, as agent for the Home Insurance Company, exe-

cuted a policy of fire and extended coverage to the plaintiff in the face amount of $20,000 by the terms and provisions of which the property of the insured and property of others in the care, custody and control of the plaintiff was insured, and provided that ten days' notice of cancellation or reduction in the coverage of the policy was required to be given to the United States Rubber Company.

10.

Said two policies of insurance were delivered to the United States Rubber Company and tendered for approval as being in compliance with the insurance requirements of the United States Rubber Company.

11.

The United States Rubber Company refused to accept said policies of insurance tendered to it and notified the plaintiff corporation of its rejection of said policies of insurance.

12.

Richard A. McKay, President of McKay Corporation, instructed the McFadden Insurance Agency to write such policy or policies of insurance to meet his requirements and the requirements and the approval of the United States Rubber Company to take the place of the policies which were rejected by the United States Rubber Company.

13.

On the second day of April, 1952, the McFadden Insurance Agency, as agent for the Home Insurance Company, executed a transportation floater policy numbered TR–445332 in the Home Insurance Company, by the terms and provisions of which it insured the McKay Corporation and the United States Rubber Company against liability assumed or otherwise for property of others in the assured's care, custody and control for processing consisting of crating while at the location of the premises of the McKay Corporation to the extent of $35,000 and while in transit in the insured's vehicles to the extent of $7,000.

14.

Said policy of insurance insured all risks of physical loss or damage from any external cause.

15.

Said policy of insurance was submitted to the United States Rubber Company for its approval in accordance with the requirements of its contract with the plaintiff.

16.

The United States Rubber Company accepted said transportation policy of the Home Insurance Company numbered TR–445332 upon the condition that the United States Rubber Company as a named insured be deleted from the policy.

17.

On the thirteenth day of May, 1952, by writing attached to said policy of insurance, the name of the insured was changed to exclude the United States Rubber Company as a named insured and the plaintiff remained as the sole insured.

18.

The policy of the Fidelity-Phenix Fire Insurance Company executed on February 1, 1952, and the policy of the Home Insurance Company executed on February 1, 1952, as stated in Findings numbered 8 and 9 were surrendered by the plaintiff to the McFadden Insurance Agency on or about April 2, 1952 and cancelled.

19.

A true copy of said policy of insurance of the defendant numbered TR–445332 is attached to Count I of the third amended complaint and marked Exhibit A.

20.

Said policy of insurance was in full force and effect on March 19, 1953, at the time the contents of the building occupied by the McKay Corporation were damaged by fire.

21.

The original policy of insurance of the Home Insurance Company numbered TR–

**636**

445332 was delivered to the plaintiff on or about the second day of April, 1952, and a certified copy thereof was delivered to the Fort Wayne office of the United States Rubber Company and said policy has been in the possession of the plaintiff continuously since said date.

22.

Upon and after the second day of April, 1952, said policy of insurance was in the possession and control of the plaintiff and subject to the inspection of the officers of the plaintiff corporation.

23.

After May 13, 1952, on which date the United States Rubber Company was removed as a named insured, the United States Rubber Company did not object to said policy of insurance as not meeting and fulfilling the insurance requirements of the McKay Corporation to insure the property of the United States Rubber Company in the care, custody and control of the plaintiff.

24.

On or about the 14th day of July, 1952, the McFadden Insurance Agency was requested by the McKay Corporation to ask the United States Rubber Company to agree to a reduction of the coverage under said policy to $10,000; that McFadden Insurance Agency did request the United States Rubber Company to agree to a reduction in the amount of said policy from $35,000 to $10,000, and the United States Rubber Company refused to permit a reduction in the amount of the coverage of the policy.

25.

The plaintiff on or about the seventeenth day of July, 1952, received from the McFadden Insurance Agency a summary of all of its insurance, in which summary policy TR–445332 of the defendant was described as insuring the property of the United States Rubber Company while in the custody of the McKay Corporation against practically all risks to the extent of $35,000 while at the plant of the plaintiff corporation at 6503 Bluffton Road and to the extent of $7,000 while in transit.

26.

The plaintiff corporation was in possession of the policy and insurance survey which upon reading would have disclosed the coverage of the policy numbered TR–445332 and that said policy did not insure the property of the plaintiff.

27.

On or about July 17, 1952, the plaintiff knew that said policy TR–445332 insured only property of the United States Rubber Company and that it did not insure any property of the plaintiff whatsoever.

28.

If there was any mistake in the said policy as written and issued by the defendant, the plaintiff had months before the fire to have requested and demanded that the mistake be corrected.

29.

The plaintiff, from at least on or about July 17, 1952, knew that said policy insured only property of the United States Rubber Company and insured no property of the plaintiff and knew that there was no mistake in said policy as written and issued.

30.

The defendant did not agree to insure the property of the McKay Corporation under the terms and provisions of said policy TR–445332.

31.

The president of the plaintiff corporation did not read said policy until after the fire on March 19, 1953.

32.

There was no mutual mistake between the parties as to the terms and provisions of the said policy of insurance.

33.

There was no mistake on the part of the plaintiff as to coverage under said policy of insurance nor fraud or inequitable conduct on the part of the defendant as to coverage under said policy.

#### 34.

The plaintiff has failed to prove the allegations of Count I of the third amended complaint of the plaintiff for reformation of said policy of insurance of the defendant.

#### 35.

The plaintiff is not entitled to have said policy of insurance reformed.

Upon the foregoing special findings of fact, the Court does now state its

### Conclusions of Law

#### 1.

This Court has jurisdiction of the parties to and the subject matter of this action.

#### 2.

There was no mutual mistake of the parties as to the purpose and coverage of said policy of insurance of the defendant, the Home Insurance Company, numbered TR–445332.

#### 3.

There was no mistake on the part of the plaintiff as to coverage of said policy of insurance nor fraud or inequitable conduct on the part of the defendant as to coverage under said policy.

#### 4.

The plaintiff is not entitled to have said policy of insurance of the defendant, the Home Insurance Company, numbered TR–445332, reformed to insure the property of the plaintiff.

#### 5.

The plaintiff should take nothing by reason of Count I of its third amended complaint.

#### 6.

Defendant is entitled to a judgment that plaintiff take nothing by reason of Count I of its third amended complaint.

The Clerk is ordered to enter judgment for the defendant that the plaintiff take nothing by reason of Count I of its third amended complaint at the costs of the plaintiff.